FILED

NOV 2 5 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-40-M-DWM |
| Plaintiff/Respondent, | CV 18-85-M-DWM |
| vs. | ORDER |
| ROAM SAVAGE CHANDLER, | |
| Defendant/Movant. | |

On October 24, 2019, the Court denied all but one of Defendant/Movant Chandler's claims under 28 U.S.C. § 2255. *See* Order (Doc. 61).

As to those claims, a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2), is not warranted. Some of Chandler's claims assumed he was convicted of using force, fraud, or coercion under 18 U.S.C. § 1591(b)(1). He was not. He was convicted under 18 U.S.C. § 1591(a) & (1). *See also id.* § 1591(b)(2), (c). Chandler claimed counsel had a conflict of interest because he represented a non-witness in two Rule 5 transfer proceedings and that non-witness's girlfriend A.B. was one of Chandler's victims. These facts do not remotely suggest a genuine conflict of interest on the part of professional appointed counsel. Chandler suggested no reason to believe counsel could have succeeded in suppressing victim A.K.'s pretrial statement. Even if counsel had proved Chandler did not post the

1

backpage.com advertisement, other evidence amply supported the charges, and Chandler's allegations could not show his plea was involuntary. A supervised release condition restricting Chandler's use of the internet and his ability to be with his nieces and nephews was likely to be imposed whether he pled guilty or was convicted at trial, and he failed to show any realistic prospect of acquittal at trial. Finally, Chandler's claims regarding his brain development were relevant and were presented at sentencing. The evidence would not support a defense to general-intent crimes carrying higher penalties, which would have applied but for the plea agreement.

The United States chose not to oppose Chandler's claim that his trial counsel failed to file a notice of appeal. *See* Resp. to Order (Doc. 69); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198–99 (9th Cir. 2005).

Accordingly, IT IS ORDERED:

1. With the exception of Chandler's claim that he instructed counsel to file a notice of appeal, all other claims in his motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 are DENIED.

2. As to those claims, a certificate of appealability is DENIED.

3. Chandler's claim that he instructed counsel to file a notice of appeal (Doc. 49) is GRANTED. The judgment of May 15, 2017 (Doc. 45) is VACATED.

4. The clerk shall re-enter the judgment (Doc. 45) as of the date of this

2

Order and time to appeal the criminal judgment shall recommence under Federal Rule of Criminal Procedure 4(b).

5.  The clerk shall close the civil file by entering judgment in favor of Chandler and against the United States as to the claim regarding appeal and in favor of the United States and against Chandler on all other claims.

DATED this 25th day of November, 2019.

13:34 P.M.

Donald W. Molloy
United States District Court